# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

(To be supplied by the court)

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*9:15 am, Jul 14, 2025*
**JEFFREY P. COLWELL, CLERK**

Aaron Ray,

Plaintiff

v.

**LAURA C. MAKAR,** in her official and individual capacities;
**JOHN F. NEILEY,** in his official and individual capacities;
**LYNN REED,** in her official and individual capacities**;**
**LIZ MACKIN,** in her individual capacity;
**MARIA INEZ VERGARA,** in her individual capacity;
**PETER RACHESKY,** in his individual capacity;
**PERRIN ELISHA,** in her individual capacity;
**ERIC MUSSELMAN,** in his individual capacity; and
**HEATHER KAPLINSKI,** in her individual capacity,
**NINTH JUDICIAL DISTRICT OF COLORADO**, a governmental entity;

Defendants.

---

# COMPLAINT

---

## A.    PLAINTIFF INFORMATION

Aaron Ray
746 1/2 Ridgeley Drive
Los Angeles, CA 90036
310-483-0048
aray.aaron@gmail.com

## B.    DEFENDANT(S) INFORMATION

**Defendant 1:** Laura C. Makar, 506 East Main, Suite E, Aspen, CO 81611; 970-925-

7635;  (Judge)

**Defendant 2:** John Neiley, 109 Eighth Street, Suite 104, Glenwood Springs, CO 81601; (970) 928-3065; GCGWSCourt@judicial.state.co.us (District Chief Judge).

**Defendant 3:** Lynn Reed, 109 Eighth Street, Suite 104, Glenwood Springs, CO 81601; (970) 928-3080;  lynn.reed@judicial.state.co.us (ADA Coordinator, Court Executive

**Defendant 4:**   Elizabeth Mackin, 506 East Main, Suite E, Aspen, CO 81611; 970-429-6631; elizabeth.mackin@judicial.state.co.us (Court Clerk).

\* See Exhibit B.  DEFENDANT(S) INFORMATION. For defendants 5-10

## C.    JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

  X    Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States) and 1343(a)(3)-(4) (civil rights jurisdiction),

1. This action arises under the **First, Fourth, Fifth, Sixth, and Fourteenth Amendments** to the U.S. Constitution and the **Americans with Disabilities Act**, 42 U.S.C. § 12132. Supplemental jurisdiction under **28 U.S.C. § 1367(a)** for state claims (professional negligence, intentional infliction of emotional distress).

2. Venue is proper under **28 U.S.C. § 1391(b)(2)** as violations occurred in Colorado.

3. Plaintiff exhausted state remedies via appeals (25CA1061, 25SA165), rendered futile by the February 11, 2025 filing ban. Equitable tolling applies due to Defendants' obstruction/. Ongoing harm since 2017 invokes the continuing violations doctrine.

4. Amount in controversy exceeds $75,000.

5. Plaintiff is a citizen of the State of California.

6. Defendant 1 is an individual; Defendant 1 is a citizen of Colorado. (*more than one defendant is named in the complaint, see the attached* **EXHIBIT B.  DEFENDANT(S)**

2

## D. STATEMENT OF CLAIMS

## FACTUAL BACKGROUND COMMON TO ALL CLAIMS

7. Plaintiff Aaron Ray has Essential Blepharospasm, a neurological condition causing involuntary eyelid spasms resulting in functional blindness approximately 50% of the time, qualifying him for protection under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132.

8. In 2014, (submitted again in September 2024 and December 2024) Dr. Claudia Kernan (UCLA) conducted neuropsychological testing confirming Plaintiff's cognitive abilities in the 91st-99th percentile range with superior verbal reasoning, establishing his mental competency.

9. In 2018, Dr. Vladimir Nusinovich medically verified Plaintiff's legal blindness, providing the clinical foundation for ADA accommodation requirements.

10. On September 15, 2019, ADA Coordinator Lynn Reed acknowledged Plaintiff's disability and accommodation needs in writing, establishing Defendants' actual knowledge of accommodation obligations.

11. The July 19, 2017 Amended Parenting Plan requires joint decision-making via a 48-hour notification process for major medical and educational decisions, out of state travel and re-affirms that Plaintiff is to have access to all children's medical and school records under C.R.S. § 14-10-123.8. Defendant Elisha is ordered to assist Plaintiff in accessing information.

12. From 2017-2025, this parenting plan imposed discriminatory weekly Aspen visit requirements without providing reasonable accommodations for Plaintiff's documented

visual disability, creating disparate treatment violating ADA and Equal Protection principles.

13. On February 17, 2021, the Court appointed GAL Peter Rachesky without notice to Plaintiff, without a hearing, and without making competency findings required by Chief Justice Directive 04-05, or the controlling court decisions.

14. The appointment order falsely stated "The Court has previously concluded Father lacks the capacity to represent himself"—a finding never made and directly contradicted by the 2014 neuropsychological evaluation documenting superior mental abilities.

15. This void appointment created systematic jurisdictional nullity affecting all subsequent proceedings, as confirmed by admissions during the November 26, 2024 status conference.

16. From February 2021 through November 26, 2024, Defendants systematically failed to serve Plaintiff with any court orders, motions, notices, or exhibits, voiding all proceedings under C.R.C.P. 5.

17. GAL Rachesky systematically withheld all court communications to and from Plaintiff while receiving service intended for him, admitting during the November 26, 2024 status conference that Plaintiff "never received a single order" in four years.

18. Defendants Musselman and Elisha, as well as Rachesky, verbally admitted on November 26, 2024 to intentionally choosing not to serve Plaintiff with any filings, despite no request ever being made not to, nor any order issued allowing for this. Additionally, they admitted having no changes to any filings and to there being "no disputed facts" with any of Plaintiff's submissions, nor were any other procedural or other issues with Plaintiff's filings.

4

19. On March 4 and 10, 2021, Clerk Vergara sent written correspondence acknowledging Plaintiff's visual disability but refused to accept pro se filings, directing him to his "counsel" which had been provided. This was not true but made clear at that time that there was an unauthorized GAL appointed in violation of C.R.S. § 13-1-125, C.R.C.P. 17 and CJD 04-05.

20. From August 2024 through February 2025, Plaintiff submitted over 30 documented requests for the previously agreed upon ADA accommodations, including telephonic hearings, accessible filing formats, and oral presentations.

21. ADA Coordinator Reed, Judges Makar and Neiley, and Clerks Vergara and Mackin systematically denied these requests despite clear obligations under Chief Justice Directive 04-07 and federal ADA requirements.

22. On December 15, 2024, Plaintiff lost his last remaining caretakers and prescribers. On .January 1, 2025, Plaintiff additionally lost his health insurance- directly due to these accommodation denials, issuing defective and false orders, demanding procedures and records that do not exist or which require extensive documentation for and at a significant cost. This culminated over two straight years of attempts to  simply access the Court and request clarifications of these violations, creating a severe medical crisis affecting his ability to obtain necessary medications and care.

23. The January 7-10, 2025 Palisades Fire destroyed Plaintiff's files and exhibits, including medical records, medication, equipment, and caretaker support, compounding the harm from denied accommodations and creating emergency circumstances requiring immediate judicial intervention.

24. From March 2022 through August 2024, Dr. Kaplinski conducted over 2 years of undisclosed therapy sessions with Plaintiff's minor son (and possibly daughter) without proper informed consent, legitimate family records of the children or custody verification as required by C.R.S. § 12-245-223 and the parenting plan.

25. On August 1, 2024 (two days after the July 30, 2024 hearing), Defendant Elisha unilaterally falsified PowerSchool records by adding fabricated records provide to the Court to undisclosed records showing severe psychological trauma causing severe anxiety disorders, ADD and Dyslexia diagnoses for the children without medical evaluation or parental consent.

26. Elisha simultaneously removed Plaintiff as emergency contact and granted unauthorized custody rights to third party (Chris Rubin), who has been living with the children for over 2 years. This fact remains undisclosed to the Court or Plaintiff as required under the parenting plan, violating fundamental parental rights, the parenting plan and prior warnings not to alter Plaintiff's contact or access forms.

27. From August 15-30, 2024, despite at first agreeing to provide the records after five documented requests with copies of the court orders and explanations of custody violations, Kaplinski refused to provide therapy records or respond to Plaintiff's urgent correspondence.

28. On June 1, 2022, Defendants ordered a mental health evaluation under C.R.C.P. 35(a) without required specificity, legitimate basis, good cause findings, or scope specification, despite the record containing records similar to the 2014 evaluation documenting superior mental cognitive capacity.

29. The requesting motions and resulting orders have never been served or noticed to Plaintiff, forcing him to choose between disclosing confidential medical information or facing contempt proceedings, violating Fifth Amendment protections.

30. This evaluation was requested in bad faith by opposing counsel and Elisha despite their knowledge that the record documented only physical disability, not mental incapacity. This was even more of a bad faith request considering that Elisha is a senior licensed therapist and Psychologist in both CA as well as CO and she was the one who arranged for the 2014 multi day evaluation from Dr. Kernan.

31. On August 21, 2024, Plaintiff filed three unopposed motions addressing urgent child welfare concerns, GAL misconduct, and requests for judicial notice. Under C.R.C.P. 121, failure to respond within 21 days with a legally sufficient response, constitutes admission of all factual allegations. On September 28, 2024, the Court issued completely blank orders containing only the word "DENIED" without findings, analysis, or reference to any requested relief, the children, the GAL, fraudulent or void court orders, ADA accommodations or any of the mandatory legal authorities cited in the motions.

32. From September 5 through December 4, 2024, Plaintiff filed six emergency motions under C.R.S. § 14-10-129(4) documenting child abuse, educational fraud, and international child removal requiring mandatory 14-day hearings. Defendants Makar and Neiley summarily denied these motions without required hearings or findings.

33. On November 26, 2024, during a status conference, all parties admitted on the record: (1) systematic non-service voiding all proceedings under C.R.C.P. 5; (2) unlawful GAL appointment violating Chief Justice Directive 04-05; and (3) no disputed facts regarding any of Plaintiff's filings or pending motions.

7

34. On December 20, 2024, after Plaintiff filed another emergency motion detailing the court-created chaos and the impending loss of his insurance, Judge Makar denied it, baselessly called it "frivolous," and threatened retaliatory filing restrictions.

35. On December 30, 2024, and January 6, 2025, Judge Makar denied Plaintiff's requests for counsel, falsely claiming no authority existed Judge Makar gained actual knowledge of the complete jurisdictional void but continued issuing orders anyway, including the December 20, 2024 sanctions threat and February 11, 2025 filing ban.

36. On January 31, 2025, Plaintiff filed a Motion to Disqualify Judge Makar under C.R.C.P. 97, triggering a mandatory stay of all proceedings. On February 11, 2025, during this mandatory stay when the court lacked jurisdiction, Judge Makar issued an Omnibus Order imposing a complete pro se filing ban.

37. On February 13, 2025, Clerks Vergara and Mackin enforced this unconstitutional ban by refusing to docket Plaintiff's motion to vacate. In June 2025, they confirmed all appellate filings would be rejected, completely exhausting state remedies.

38. From February 2021 through present, Defendants engaged in a coordinated conspiracy to maintain jurisdictionally void proceedings through: GAL Rachesky receiving service while withholding from Plaintiff; Attorneys Musselman and Elisha filing without serving Plaintiff; Clerks refusing pro se filings; and Judges issuing orders without jurisdiction after actual knowledge.

39. This conspiracy systematically excluded Plaintiff from constitutional protections based on disability discrimination, created state-created danger to children, and facilitated ongoing violations of fundamental parental rights.

40. The continuing violations doctrine applies because Defendants' coordinated conduct from February 2021 through present constitutes an ongoing conspiracy to deny constitutional rights through void proceedings that remain unaddressed.

41. The February 11, 2025 filing ban and systematic refusal to cure jurisdictional voids demonstrate the continuing nature of these violations, necessitating federal intervention to restore constitutional protections and prevent ongoing harm.

42. On November 13-15, 2024, contradictory notices from court staff scheduled conflicting hearings and a status conference, creating procedural chaos. A December 17, 2024, hearing was verbally cancelled by a clerk without a written order.

43. On December 18, 2024, as a direct result of the court-created chaos, Plaintiff filed an emergency motion documenting imminent harm and the insurance crisis.

44. On December 20, 2024, Judge Makar denied the emergency motion, characterizing it as substantially frivolous and threatening attorney fees.

45. On December 30, 2024, and January 6, 2025, Judge Makar denied Plaintiff's requests for counsel, falsely claiming no authority existed.

46. As a direct result of Defendants coordinated conduct, Plaintiff has suffered complete loss of health insurance, access to essential eye medications, professional caretakers needed due to his disability, a lifetime of intellectual work product, hundreds of productions for the children, and meaningful participation in parenting and court proceedings affecting his children.

47. Plaintiff's children have suffered educational disruption from falsified diagnoses, emotional trauma from unauthorized removal to Europe, loss of years of tutorials,

coaching, projects, collaborations and productions, and denial of access to necessary therapy records.

**CLAIMS FOR RELIEF**

**CLAIM ONE: ACTING WITHOUT JURISDICTION AFTER ACTUAL KNOWLEDGE**

**42 U.S.C. § 1983 - U.S. CONST. AMEND. XIV (Due Process), AMEND. I (Petition)**

Against: Makar, Neiley

48. From **November 26, 2024** forward, Judge Makar acted with **actual knowledge** that all proceedings were void after on-record admissions of systematic non-service and unlawful GAL appointment yet continued issuing **December 20, 2024** sanctions threat and **February 11, 2025** filing ban during mandatory **C.R.C.P. 97** stay, violating clearly established constitutional law under *Stump v. Sparkman*, 435 U.S. 349 (1978).

49. This conduct after actual knowledge of jurisdictional void caused **December 15, 2024** loss of health insurance**, January 2025** Palisades Fire destruction, and ongoing constitutional violations.

50. Relief Sought: Compensatory and punitive damages for deliberate constitutional violations; declaratory judgment that orders issued after actual knowledge are void; injunctive relief preventing further jurisdictional violations; attorney's fees under 42 U.S.C. § 1988.

**CLAIM TWO: DISABILITY DISCRIMINATION**

**42 U.S.C. § 12132 - U.S. CONST. AMEND. XIV (Equal Protection)**

Against: Ninth Judicial District, Reed, Makar, Neiley, Vergara, Mackin

51. From September 15, 2019 through February 11, 2025, Defendants systematically violated Title II ADA by denying over 30 documented accommodation requests for Plaintiff's

Essential Blepharospasm, including Reed's **October 2, 2024** email refusal of telephonic hearings and Makar's **November 26, 2024** denial of oral presentations.

52. These denials directly caused December 15, 2024 loss of health insurance and medical crisis compounded by January 2025 Palisades Fire, violating 42 U.S.C. § 12132 and **28 C.F.R. § 35.130**.

53. Relief Sought: Compensatory damages for medical expenses; injunctive relief requiring ADA accommodations; punitive damages against individuals; attorney's fees under 42 U.S.C. § 1988.

**CLAIM THREE: FIRST AMENDMENT RETALIATION**

**42 U.S.C. § 1983 - U.S. CONST. AMEND. I (Free Speech, Petition)**

Against: Makar, Neiley

54. Judge Makar engaged in systematic retaliation by threatening "sanctions" on **December 20, 2024** after Plaintiff's **December 18, 2024** emergency motion, then imposing complete filing ban on **February 11, 2025** immediately after January 31, 2025 disqualification motion, violating clearly established First Amendment protections under *Shero v. City of Grove,* 510 F.3d 1196 (10th Cir. 2007).

55. This temporal proximity establishes causal connection between protected petitioning and adverse action that would chill ordinary person.

**CLAIM FOUR: SYSTEMATIC DUE PROCESS VIOLATIONS**

**42 U.S.C. § 1983 - U.S. CONST. AMEND. XIV (Due Process), AMEND. V (Due Process)**

Against: Musselman, Elisha, Rachesky, Makar, Neiley

56. Relief Sought: Compensatory and punitive damages for retaliation; injunctive relief prohibiting further retaliation; attorney's fees under 42 U.S.C. § 1988.

57. On **November 26, 2024**, Defendants admitted on record: Musselman and Elisha served no filings since February 2021; Rachesky's GAL appointment was unlawful under Chief Justice Directive 04-05; and systematic withholding of communications for four years violating **C.R.C.P. 5,** confirming deliberate due process violations under *Mathews v. Eldridge,* 424 U.S. 319 (1976).

58. These admissions voided all proceedings for lack of jurisdiction and established liability without possibility of good faith defense. 52. Relief Sought: Declaratory judgment voiding all orders since February 2021; compensatory damages for constitutional violations; attorney's fees under 42 U.S.C. § 1988.

**CLAIM FIVE: PARENTAL RIGHTS VIOLATIONS**

**42 U.S.C. § 1983 - U.S. CONST. AMEND. XIV (Substantive Due Process), 20 U.S.C. § 1232g (FERPA)**

Against: Elisha, Kaplinski, Musselman, Rachesky, Makar, Neiley

59. On **August 1, 2024**, Elisha falsified PowerSchool records adding fabricated diagnoses while Kaplinski conducted 120+ unauthorized therapy sessions from March 2022-August 2024 without consent, violating fundamental parental rights under *Troxel v. Granville*, 530 U.S. 57 (2000) and FERPA educational record protections.

60. From **August 15-30, 2024**, despite five documented requests, Kaplinski refused therapy records while other Defendants enabled exclusion through non-service and emergency motion denials.

61. Relief Sought: Compensatory damages for four-year separation; injunctive relief restoring parental rights; punitive damages for record falsification; attorney's fees under 42 U.S.C. § 1988.

**CLAIM SIX: CLERK DENIAL OF COURT ACCESS - FIRST AMENDMENT VIOLATIONS**

**42 U.S.C. § 1983 - U.S. CONST. AMEND. I (Petition), AMEND. XIV (Due Process)**

Against: Vergara, Mackin, Ninth Judicial District

62. Beginning **February 17, 2021**, Clerk Vergara systematically blocked Plaintiff's First Amendment right to petition by refusing to accept pro se filings and directing him to unauthorized GAL, then on **March 4, 2021** issued written correspondence acknowledging visual disability but maintaining filing blockade in violation of **C.R.S. § 13-1-125**, violating clearly established petition rights under *California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508 (1972).

63. From February 2021 through February 2025, Defendants Vergara and Mackin enforced systematic court access denial preventing all meaningful participation for over four years, culminating in February 13, 2025 refusal to docket motion to vacate filing ban.

64. Relief Sought: Injunctive relief restoring complete court access; compensatory damages for First Amendment violations; punitive damages against individual clerks; attorney's fees under 42 U.S.C. § 1988.

**CLAIM SEVEN: PARENTAL RIGHTS CONSPIRACY**

**42 U.S.C. §§ 1983, 1985(3) - U.S. CONST. AMEND. XIV (Parental Rights), AMEND. I (Petition)**

Against: Musselman, Elisha, Kaplinski, Rachesky

65. From **March 2022 through August 2024**, Defendants engaged in coordinated conspiracy to deprive Plaintiff of fundamental parental rights through: Musselman's systematic non-service preventing defense; Elisha's **August 1, 2024** falsification of PowerSchool records; Kaplinski's 120+ undisclosed therapy sessions without consent; and Rachesky's coordination to block parental access while facilitating the conspiracy.

66. This conspiracy specifically targeted Plaintiff's Fourteenth Amendment parental rights under *Troxel v. Granville,* 530 U.S. 57 (2000) and First Amendment petition rights by systematically excluding him from medical/educational decisions while blocking his ability to seek judicial relief.

67. Relief Sought: Compensatory damages for conspiracy to deprive parental rights; punitive damages against all conspirators; injunctive relief restoring parental decision-making authority; attorney's fees under **42 U.S.C. § 1988**.

## CLAIM EIGHT: FAILURE TO HOLD MANDATORY EMERGENCY HEARINGS

## 42 U.S.C. § 1983 - U.S. CONST. AMEND. XIV (Due Process, State-Created Danger)

Against: Makar, Neiley

68. From **September 5 through December 4, 2024**, Defendants violated C.R.S. § 14-10-129(4) non-discretionary duty requiring 14-day emergency hearings by refusing hearings on six separate verified motions documenting child abuse, educational fraud, medical misclassification, coercion and international removal despite no disputed facts.

69. This ministerial failure constituted administrative conduct outside immunity protection while creating state-created danger by preventing parental intervention in documented abuse.

70. Relief Sought: Injunctive relief requiring emergency hearings; compensatory damages for procedural violations; attorney's fees under 42 U.S.C. § 1988.

## CLAIM NINE: COMPELLED SELF-INCRIMINATION42 U.S.C. § 1983 - U.S. CONST. AMEND. V (Self-Incrimination)

Against: Makar, Neiley, Musselman, Elisha

71. On **June 1, 2022**, Defendants ordered mental health evaluation under C.R.C.P. 35(a) without required specificity, legitimate basis, good cause findings, or scope specification despite 2014 neuropsychological evaluation documenting superior mental capacity, then used non-compliance for contempt threats, violating Fifth Amendment protection against compelled self-incrimination in quasi-criminal proceedings.

72. The underlying **May 26, 2022** motion requesting examination and resulting June 1, 2022 orders were never served to Plaintiff, forcing choice between disclosing confidential medical information or facing incarceration without due process.

73. Relief Sought: Declaratory judgment that mental health order violated Fifth Amendment; compensatory damages for compelled self-incrimination; injunctive relief preventing future violations; attorney's fees under 42 U.S.C. § 1988.

## CLAIM TEN: MEDICAL PRIVACY VIOLATIONS

## 42 U.S.C. § 1983 - U.S. CONST. AMEND. IV (Privacy)

Against: Elisha, Kaplinski, Makar, Rachesk

74. From **March 2022** through **August 2024**, Defendants violated **Fourth Amendment** privacy rights through: Elisha's **August 1, 2024** falsification of children's medical records creating false educational histories; Kaplinski's concealment of **120+ therapy sessions** and refusal to provide records despite **August 15, 2024** certified mail requests; and

Makar/Rachesky's compelled disclosure of confidential medical information without proper **C.R.C.P. 35(a)** findings.

75. These violations included systematic concealment of children's therapy records from legal parent and false public claims about Plaintiff's mental capacity despite 2014 neuropsychological evaluation showing superior abilities.

76. Relief Sought: Compensatory damages for privacy violations; injunctive relief preventing further medical privacy intrusions; punitive damages for willful violations; attorney's fees under 42 U.S.C. § 1988.

**CLAIM ELEVEN: RIGHT TO COUNSEL VIOLATIONS**

**42 U.S.C. § 1983 - U.S. CONST. AMEND. XIV (Due Process)**

Against: Makar, Neiley, Ninth Judicial District

77. From **February 17, 2021 through present,** in quasi-criminal contempt proceedings threatening incarceration for mental health evaluation non-compliance, Defendants denied Plaintiff appointed counsel despite verified indigency and simultaneously prohibited pro se representation through unauthorized GAL appointment, violating Fourteenth Amendment due process requirements for assistance of counsel in proceedings with potential incarceration under *Turner v. Rogers*, 564 U.S. 431 (2011).

78. GAL Rachesky admitted on **November 26, 2024 to** failing to represent Plaintiff's interests and withholding critical filings, creating situation where Plaintiff had neither adequate representation nor right to represent himself in proceedings with criminal consequences.

79. Relief Sought: Compensatory damages for denial of counsel; injunctive relief requiring appointment of counsel or restoration of pro se rights; declaratory judgment that GAL appointment violated due process; attorney's fees under 42 U.S.C. § 1988.

## CLAIM TWELVE: CIVIL RIGHTS CONSPIRACY - DISABILITY DISCRIMINATION

## 42 U.S.C. §§ 1983, 1985(3) - U.S. CONST. AMEND. XIV (Equal Protection), ADA

Against: Reed, Makar, Neiley, Vergara, Mackin, Ninth Judicial District

80. From September 2019 through February 2025, Defendants engaged in systematic conspiracy to deny ADA accommodations and exclude Plaintiff from court proceedings based on Essential Blepharospasm disability through: Reed's coordination with judges to deny accommodations; Makar and Neiley's systematic refusal of telephonic hearings and oral presentations; and Vergara/Mackin's enforcement of inaccessible filing requirements despite **September 15, 2019** written acknowledgment of disability.

81. This conspiracy systematically excluded Plaintiff from constitutional protections based on disability discrimination, demonstrating agreement among state actors to circumvent ADA**,** 42 U.S.C. § 12132**, and** Equal Protection requirements.

**82.** Relief Sought: Compensatory and punitive damages for disability conspiracy; injunctive relief ending discriminatory practices; attorney's fees under 42 U.S.C. § 1988**.**

## CLAIM THIRTEEN: COLORADO ANTI-DISCRIMINATION ACT

## C.**R.S. § 24-34-805 - State Disability Law**

Against: All Defendants

83. From September 2019 through February 2025, Defendants discriminated based on Essential Blepharospasm by denying accommodations, excluding from proceedings, and retaliating for asserting disability rights, violating C.R.S. § 24-34-805.

17

84. Specific violations include denial of telephonic hearings, accessible formats, and enforcement of discriminatory parenting requirements without accommodations.

85. Relief Sought: Compensatory and punitive damages under state law; injunctive relief requiring compliance; attorney's fees under C.R.S. § 24-34-805.

## CLAIM FOURTEEN: PROFESSIONAL NEGLIGENCE

**Colorado Professional Standards**

Against: Elisha, Rachesky, Musselman, Kaplinski

86. Licensed professionals violated Colorado standards: Elisha (CO PSY.0003897) falsified diagnoses; Kaplinski (MHP.0003421) provided unauthorized therapy and refused records; Rachesky (CO #28165) engaged in unauthorized representation; Musselman (CO #35976) failed to serve pleadings and provide candor.

87. These violations enabled constitutional deprivations and caused specific damages including parental rights loss and educational fraud.

88. Relief Sought: Compensatory and punitive damages for malpractice; attorney's fees under professional liability statutes.

## CONTINUING VIOLATIONS AND DAMAGES

89. The continuing violations doctrine applies because Defendants coordinated conduct constitutes ongoing conspiracy to deny constitutional rights through unaddressed void proceedings.

90. Plaintiff suffered damages including: medical expenses from insurance loss; Palisades Fire destruction; four-year parent-child separation; constitutional violations; and severe emotional distress.

91. The February 2025 filing ban completely exhausted state remedies, necessitating federal intervention.

92. All Defendants are jointly and severally liable for coordinated constitutional violations

**CONTINUING DAMAGES**

93. Defendants' conduct from February 17, 2021 to present constitutes continuing violations that toll applicable statutes of limitations under the continuing violations doctrine

94. Plaintiff has suffered damages including: (a) medical expenses from loss of insurance; (b) loss of caretakers, medications, and livelihood due to the **January 2025** Palisades Fire; (c) four years of severed parent-child contact; (d) denial of constitutional protections and court access; and (e) severe emotional distress and reputational harm.

95. The **February 2025** filing ban and **June 2025** rejection of appellate filings have completely exhausted state remedies. This necessitates federal intervention.

96. All Defendants are jointly and severally liable for their coordinated violations of Plaintiff's constitutional and statutory rights.

**RESERVATION OF RIGHTS TO AMEND**

97. Plaintiff reserves the right to amend upon obtaining access to systematically withheld court records and discovery materials, as complete case files have been blocked since February 2021

**E.    REQUEST FOR RELIEF**

Plaintiff respectfully requests that the Court award:

1. Compensatory damages in an amount to be proven at trial;

2. Punitive damages as allowed by law;

3. Declaratory relief declaring Defendants' actions unconstitutional and unlawful;

4. Injunctive relief requiring Defendants to provide reasonable ADA accommodations (e.g., oral presentations, accessible documents) and vacate the February 11, 2025, filing ban to restore Plaintiff's court access.

5. Attorney's fees and costs to the extent permitted by law; and

6. Any other relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL** Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure,

**F.        PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* **28 U.S.C. § 1746; 18 U.S.C. § 1621.**

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**/s/ Aaron Ray**
_____
 (Plaintiff's signature)

July 14, 2025
_____
 (Date)

21